# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SENTRY INSURANCE, etc., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 18-0330-WS-B |
| | ) |
| JACK BENTON LEE, etc., et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on its continuing *sua sponte* review of its subject matter jurisdiction. On its initial review, the Court identified several deficiencies in the complaint's pleading of jurisdiction and ordered the plaintiff to file an amended complaint adequately pleading jurisdiction or suffer dismissal of its action without prejudice. (Doc. 7). The plaintiff has filed an amended complaint that satisfactorily responds to most of the Court's concerns. (Doc. 13).

One deficiency, however, remains. One defendant is named in her capacity as administratrix of the estate of a decedent. As the Court previously noted, the citizenship of such a defendant is measured by the citizenship of the decedent. 28 U.S.C. § 1332(c)(1). While the original complaint failed to address the decedent, the amended complaint alleges that he was a "resident" of Alabama at the time of his death. (Doc. 13 at 2). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "Citizenship is equivalent to domicile for purposes of diversity jurisdiction," which "requires both residence in a state and an intention to remain there indefinitely …." *Travaglio v. American Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (internal quotes omitted). An allegation of residence rather than citizenship exposes a complaint to dismissal for

lack of subject matter jurisdiction. *Beavers v. A.O. Smith Electrical Products Co.*, 265 Fed. Appx. 772, 778 (11th Cir. 2008).

"[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Underwriters at Lloyd's v. Osting Schwinn*, 613 F.3d 1079, 1092 (2010) (internal quotes omitted). Thus, "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Accordingly, the plaintiff is **ordered** to file, on or before **August 28, 2018**, a second amended complaint that adequately pleads the existence of diversity jurisdiction, failing which the Court will dismiss this action without prejudice for lack of such jurisdiction.

DONE and ORDERED this 21st day of August, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE